ROBERT B. GERARD, ESQ.
State Bar No. 5323
rgerard@gerardlaw.com
RICARDO R. EHMANN, ESQ.
State Bar No. 10576
rehmann@gerardlaw.com
GERARD & ASSOCIATES
2840 South Jones Blvd.
Building D, Suite #4
Las Vegas, Nevada  89146
(702) 251-0093

DAVID R. MARKHAM, ESQ.
California Bar No. 071814
dmarkham@clarkmarkham.com
CLARK & MARKHAM LLP
600 B Street, Suite 2130
San Diego, CA 92101
(619) 239-1321
Attorneys for Plaintiff AMBER SALAZAR

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| AMBER SALAZAR, an individual; on Behalf of herself, and on behalf of all Others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A.; and DOES 1 through 100, inclusive,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 2:09-cv-01829-LDG-GWF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, SETTING OF A FAIRNESS DETERMINATION HEARING AND APPROVAL OF NOTICE TO CLASS**

The Court, having fully reviewed Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, Declaration of David R. Markham, the Stipulation of Settlement and Release Between Plaintiff,

DLA PIPER LLP (US)
LAS VEGAS

EAST\43927531.2

1

1  Class, and Defendant ("Settlement Agreement"), Notice of Proposed Class Action Settlement

2  and Claim Form, and the Proposed Order Granting Preliminary Approval, and in recognition of

3  the Court's duty to make a preliminary determination as to the reasonableness of any proposed

4  Class Action settlement, and if preliminarily determined to be reasonable, to ensure proper notice

5  is provided to Class Members in accordance with due process requirements; and to conduct a

6  Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any

7  proposed settlement, THE COURT HEREBY MAKES THE FOLLOWING

8  DETERMINATIONS AND ORDERS:

9

10     1.     The Court finds, on a preliminary basis, that the Settlement Agreement,

11  incorporated in full by this reference and made a part of this Order of Preliminary Approval,

12  appears to be within the range of reasonableness of a settlement which could ultimately be

13  given final approval by this Court; the Court notes that Defendant Wells Fargo Bank N.A.

14  ("Wells Fargo" or "Defendant") has agreed to pay a maximum sum of $100,000 to the Plaintiff,

15  Class Members, the Class Representative, Class Counsel, and the Claims Administrator, with

16  an additional payment of up to $5,000 to the Claims Administrator, if necessary, to pay for any

17  

18  additional administrative costs incurred, in full satisfaction of the claims as more specifically

19  described in the Settlement Agreement;

20     It further appears to the Court, on a preliminary basis, that the Settlement Agreement is

21  fair and reasonable to Class Members when balanced against the probable outcome of further

22  litigation relating to class certification, liability and damages issues, and potential appeals of

23  

24  rulings. It further appears that significant informal discovery, investigation, research, and

25  litigation has been conducted such that counsel for the Parties at this time are able to reasonably

26  evaluate their respective positions. It further appears that settlement at this time will avoid

27  substantial costs, delay and risks that would be presented by the further prosecution of the

28

litigation. It also appears that the proposed Settlement Agreement has been reached as the result of intensive, informed and non-collusive negotiations between the Parties;

**ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED; AND HEREBY TEMPORARILY AND CONDITIONALLY CERTIFIES THE CLASS FOR SETTLEMENT PURPOSES ONLY PURSUANT TO THE TERMS AND CONDITIONS CONTAINED IN SAID SETTLEMENT AGREEMENT. THE CLASS CONDITIONALLY CERTIFIED IS AS FOLLOWS: ALL CURRENT AND FORMER HOURLY WELLS FARGO EMPLOYEES WITH THE JOB TITLE "BUSINESS BANKING SPECIALIST," INCLUDING POSITIONS WITH SIMILAR TITLES AND/OR DUTIES WHO WORKED IN NEVADA AT ANY TIME FROM AUGUST 11, 2006 THROUGH THE DATE OF THIS ORDER.**

2.      The Court finds that the Notice of Proposed Class Action Settlement and Claim Form advise of the pendency of the Class Action and of the proposed settlement, of preliminary Court approval of the proposed Settlement Agreement, claim submission timing and procedures, opt-out timing and procedures, and of the Final Approval Hearing. These documents fairly and adequately advise Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder, as well as their right to "Opt-Out" and procedures for doing so, and of the Final Approval Hearing and the right of Class Members to file documentation in support or in opposition and to appear in connection with said hearing; the Court further finds that said Notice clearly comports with all constitutional requirements including those of due process;

DLA PIPER LLP (US)
LAS VEGAS

EAST\43927531.2

3

**ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY**

**APPROVES THE PROPOSED NOTICE OF PROPOSED CLASS ACTION**

**SETTLEMENT AND THE PROPOSED CLAIM FORM;**

3. The mailing to the present and/or last known addresses of the Class Members constitutes an effective method of notifying Class Members of their rights with respect to the Class Action and Settlement; ACCORDINGLY, IT IS HEREBY ORDERED as follows:

(a) Within 30 business days after entry of Preliminary Approval, Wells Fargo shall forward to the appointed Claims Administrator, Gilardi & Company, LLC, a database (in an electronic spreadsheet format) of all Class Members, including the names, last known addresses and telephone numbers, best estimates of dates of employment, and social security numbers;

(b) Within 50 business days after entry of Preliminary Approval), the Claims Administrator, Gilardi & Company, Inc., shall mail to each member of the Settlement Class, by first class, postage pre-paid, the Notice of Class Action Settlement and Claim Form.

All mailings shall be made to the present and/or last known mailing address of the Class Members based on Wells Fargo's records, as well as addresses that may be located by the Claims Administrator, who will conduct standard address searches in cases of returned mail. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

4. IT IS FURTHER ORDERED that all:

(a) Requests for Exclusion ("opt-out requests") must be mailed to the Claims Administrator, Gilardi & Company, Inc., postmarked within 30 calendar days after mailing of the Class Notice.

4

(b)    Objections must be filed with the Court as described in the Class Notice within 30 calendar days after mailing of the Class Notice and served on Counsel for the Plaintiffs and on Counsel for Wells Fargo.

(c)    Claim Forms must be mailed to the Claims Administrator, postmarked within 60 calendar days after mailing of the Class Notice.

5.    IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned __June 3, 2011 at 9:00__ a.m. at the above- entitled court located at 333 Last Vegas Blvd. South, Las Vegas, NV  89101, to consider the fairness, adequacy and reasonableness of the proposed Settlement Agreement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Class Counsel Clark & Markham LLP and Gerard & Associates for an award of reasonable attorneys' fees, litigation expenses, class representative enhancements, and for costs of claims administration incurred;

6.    IT IS FURTHER ORDERED all briefs in support of the proposed Settlement and fee and cost applications shall be served and filed with the Court on or before May 4, 2011 by 4:00 PM.

7.    IT IS FURTHER ORDERED that pending final determination of whether this proposed Settlement should be granted final approval, no Class Member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any of the Class Members' Released Claims, as defined in the Settlement Agreement, against Wells Fargo in any court or tribunal;

8.    IT IS FURTHER ORDERED that any party to this case, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the

requested attorneys' fees and litigation expenses, and any Order of Final Approval and

Judgment regarding such Settlement, fees and expenses; provided, however, that no person,

except Class Counsel and counsel for Wells Fargo, shall be heard in opposition to such matters

unless such person has complied with the conditions set forth in the Notice of Proposed Class

Action Settlement which conditions are incorporated therein;

9.     IT IS FURTHER ORDERED that in the event of the occurrence of the Effective

Date, as defined in the Settlement Agreement, all Class Members, except those who have

requested exclusion from the settlement, and their successors shall conclusively be deemed to

have given full releases of any and all Class Members' Released Claims as defined in the

Settlement Agreement against Wells Fargo, its former and present parents, subsidiaries,

affiliated corporations and entities, and each of their respective officers, officials, directors,

employees, partners, shareholders and agents, any other successors, assigns or legal

representatives ("Class Members' Released Parties") and all such Class Members and their

successors shall be permanently enjoined and forever barred from asserting any Class

Members' Released Claims against any Class Members' Released Parties as described by the

Settlement Agreement;

10.    IT IS FURTHER ORDERED that if, for any reason, the Court does not execute

and file an Order of Final Approval, or if the Settlement Effective Date does not occur for any

reason whatsoever, the proposed Settlement Agreement and the proposed Settlement subject of

this Order and all evidence and proceedings had in connection therewith, shall be without

prejudice to the status quo ante rights of the parties to the litigation as more specifically set

forth in the Settlement Agreement.

1    11.    IT IS FURTHER ORDERED that, pending further order of this Court, all

2  proceedings in this matter except those contemplated herein and in the Settlement Agreement

3  are stayed.

4       The Court expressly reserves the right to adjourn or continue the Final Approval

5  Hearing from time-to-time without further notice to the Class Members.

6

7       **IT IS SO ORDERED.**

8  Dated: _14 Dec._____, 2010                    _____
                                                UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)                           7
  LAS VEGAS

EAST\43927531.2